JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN G. GIORDANO, | ) | NO. CV 09-01405 SJO (FMOx) |
| Plaintiff, | ) ) | **ORDER REMANDING CASE TO STATE COURT** |
| v. | ) ) | [Docket Nos. 1, 9] |
| PARK AVENUE LIFE INSURANCE COMPANY, et al., | ) ) ) | |
| Defendants. | ) ) | |

    Defendant Park Avenue Life Insurance Company ("PALIC") removed this case to federal court from the Superior Court of the State of California for the County of Santa Barbara, alleging diversity of citizenship as the basis of federal subject matter jurisdiction. Because PALIC has failed to meet its burden to show that the amount in controversy exceeds the jurisdictional minimum, the action is REMANDED to the Superior Court of the State of California for the County of Santa Barbara.

I.     BACKGROUND

    Plaintiff John G. Giordano ("Giordano") was the beneficiary on his wife's life insurance policy issued by PALIC (the "Policy"). (Verified Compl. ¶¶ 1, 6.) The Policy provided that PALIC would pay Giordano an accidental death benefit if his wife died from "accidental bodily injury." (Verified Compl. ¶ 9.)

1  On March 3, 2007, Giordano's wife "accidentally slipped and fell," sustaining a right hip fracture. (Verified Compl. ¶ 13.) She was immediately transported to the hospital where she died on March 17, 2007. (Verified Compl. ¶¶ 13–14.)

On November 7, 2007, Giordano submitted a claim for benefits under the Policy. (Verified Compl. ¶ 16.) Despite numerous communications with PALIC, PALIC has not paid Giordano any benefits under the Policy. (*See* Verified Compl. ¶¶ 17–47.) Giordano alleges that PALIC's disrespectful treatment, particularly the falsehoods contained in PALIC's letters to him, has caused emotional distress, shock, anxiety, and sleeplessness. (Verified Compl. ¶¶ 32, 37, 47.)

On January 16, 2009, Giordano filed this suit against PALIC in the Superior Court of the State of California for the County of Santa Barbara, alleging causes of action under California state law for (1) breach of insurance contract, (2) breach of the covenant of good faith and fair dealing, and (3) intentional acts causing emotional distress. (*See generally* Verified Compl.) Giordano seeks as damages the benefits due to him under the Policy, "attorney[s'] fees incurred . . . in obtaining policy benefits," emotional distress damages, and punitive damages, along with pre-judgment interest and the costs of suit. (*See* Verified Compl. Prayer.) On February 27, 2009, PALIC removed to this Court on the basis of diversity jurisdiction and on March 13, 2009, filed an Amended Notice of Removal on the same grounds. (*See* Notice Removal Civil Action ¶ 4; Am. Notice Removal Civil Action ¶ 4.)

II.  DISCUSSION

Under 28 U.S.C. § 1441, the removal statute, an action is removable to federal court only if it might have been brought there originally. *See* 28 U.S.C. § 1441(a). The removal statute is "strictly construe[d] . . . against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[S]trict construction is especially warranted in diversity cases, where concerns of comity mandate that state courts be allowed to decide state cases." *McAnally Enters., Inc. v. McAnally,* 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000) (*citing Hom v. Serv. Merch. Co.,* 727 F. Supp. 1343, 1345 (N.D. Cal. 1990)) (internal quotation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal . . . ." *Gaus*, 980 F.2d at 566 (internal citation omitted). "Th[is] 'strong presumption' against removal jurisdiction

means that the defendant always has the burden of establishing that removal is proper." *Id.* (internal citations omitted).

For a removal based on diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). If it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004) (citing *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir. 2003); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996)). The removing party cannot rely on a statement that on its "information and belief" the amount in controversy exceeds the jurisdictional amount. *Id.* Rather, to discharge its burden, the removing party must provide evidence establishing that it "is more likely than not" that the amount in controversy exceeds $75,000. *Id.*

The amount in controversy includes claims for general and special damages but excludes interest and costs. *See Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198–99 (N.D. Cal. 1998) (internal citations omitted); *Miller v. Mich. Millers Ins. Co.*, No. C-96-4480 MHP, 1997 WL 136242, at *3 (N.D. Cal. Mar. 12, 1997). In the Complaint, Giordano seeks as damages the benefits due to him under the Policy, "attorney[s'] fees incurred . . . in obtaining policy benefits," emotional distress damages, and punitive damages, along with pre-judgment interest and the costs of suit. (*See* Verified Compl. Prayer.) Because Giordano specifies only that his attorneys' fees as of filing the Complaint were $15,320 and the benefits owed under the Policy are "as little as $9,423.05," seeking damages for various other unspecified amounts, it is not "facially evident" from the Complaint that more than $75,000 is in controversy. *See Valdez*, 372 F.3d at 1117 (internal citations omitted); *Miller*, 1997 WL 136242, at *2 (internal citations omitted); Compl. ¶¶ 42–44, 47, 52, 60–61, 65–67, Prayer. Thus, PALIC "must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *See Valdez*, 372 F.3d at 1117 (internal citations omitted). PALIC, however, has not met this burden.

A.  <u>Benefits Under the Policy</u>

As an initial matter, Giordano seeks the unpaid benefits under the Policy. (*See* Verified Compl. ¶ 52.) In its Amended Notice of Removal, PALIC claims that Giordano "pleads the amount of benefits payable under the contract in the alternative as $49,000 and $9,423." (Am. Notice Removal Civil Action ¶ 13 (internal citations omitted).) Based on the Court's review of the Complaint, however, this is not an accurate statement. Rather, the Complaint alleges that a PALIC "representative stated that the Policy's value was $49,000" and in reliance on this representation, Giordano retained counsel to investigate his right to the Policy benefits. (Verified Compl. ¶¶ 42–43.) Giordano then alleges that "[i]n fact, the . . . Policy has a schedule of declining 'Maximum Benefit[,']' which provides [Giordano] a death benefit of *as little as $9,423.05.*" (Verified Compl. ¶ 44 (emphasis added).) As such, Giordano never alleges that the benefits that PALIC owes to him under the Policy are $49,000. Instead, he alleges only that PALIC represented this higher figure to him but that the actual benefit owed is "as little as $9,423.05." (*See* Verified Compl. 42–44.) Given these allegations and that the Policy has not been submitted to the Court, the amount of benefits allegedly owed under the Policy is unclear and may be "as little as $9,423.05." (*See* Verified Compl. ¶¶ 42–44.)

B.  <u>Attorneys' Fees</u>

Giordano also seeks an award of the "attorney[s'] fees incurred by [him] in obtaining Policy benefits" and states that the attorneys' fees he incurred as of the filing of the Complaint are $15,320. (*See* Verified Compl. ¶ 47, Prayer.) Attorneys' fees are included in the amount in controversy if an award of such fees is provided for by contract or authorized by "an underlying statute . . ., either with mandatory or discretionary language." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Where attorneys' fees are to be included in the amount in controversy, "district courts in this circuit have disagreed [as to] whether attorneys' fees incurred after the date of removal are properly included in the amount in controversy:" some courts refuse to consider attorneys' fees incurred after removal whereas others include a "reasonable estimate of attorneys['] fees likely to be expended." *Burk v. Med. Sav. Ins. Co.*, 348 F. Supp. 2d 1063, 1068–69 (D. Ariz. 2004) (comparing *Faulkner v. Astro-Med, Inc.*, No. C 99-2562 SI, 1999 WL

820198, at *4 (N.D. Cal. Oct. 4, 1999) and *Conrad Assocs.*, 994 F. Supp. at 1200 with *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010–11 (N.D. Cal. 2002) and *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034–35 (N.D. Cal. 2002)).

Because the Complaint does not allege that the Policy provides for payment of attorneys' fees in an action by the insured against the insurer, PALIC did not point to any such provision, and PALIC did not submit the Policy to the Court, the Court must assume that attorneys' fees are not provided for in the Policy. *See Miller*, 1997 WL 136242, at *4. Nevertheless, Giordano is entitled to attorneys' fees should he succeed on his breach of contract claim against PALIC. "California law permits recovery of attorneys['] fees incurred by [an] insured in obtaining the benefits due under [an insurance] policy [if] the insurer's conduct in withholding benefits was tortious." *Conrad Assocs.*, 994 F. Supp. at 1199 (citing *Brandt v. Superior Court*, 210 Cal. Rtpr. 211 (1985)). "[O]nly attorney[s'] fees attributed to an attorney's efforts in obtaining benefits due under the insurance contract are recoverable;" "[f]ees attributable to obtaining any portion of the plaintiff's award which exceeds the amount due under the policy are not recoverable." *Id.*

The Court need not address the split in authority between district courts in the Ninth Circuit as to whether attorneys' fees after removal should be included in the amount in controversy because even if a reasonable estimate of the attorneys' fees likely to be incurred after removal should be included in the amount in controversy, PALIC has not offered any such estimate. *See Coren v. Mobile Entm't, Inc.*, No. C 08-05264 JF (PVT), 2009 WL 764883, at *2 (N.D. Cal. Mar. 19, 2009); *Burk*, 348 F. Supp. 2d at 1069; *see generally* Am. Notice Removal Civil Action. Furthermore, although Giordano has alleged that his attorneys' fees as of filing the Complaint were $15,320, he is not entitled to all of these fees because he may recover only fees attributable to efforts to obtain the benefits owed under the Policy, not fees attributable to any portion of the award that exceeds this amount. *See Conrad Assocs.*, 994 F. Supp. at 1199 (citing *Brandt*, 210 Cal. Rtpr. 211 (1985)). Given that Giordano's Complaint seeks damages far beyond the benefits allegedly owed to him under the Policy, Giordano would only be entitled to a portion of the $15,320 in previously incurred attorneys' fees.

### C. Punitive Damages and Emotional Distress Damages

In addition, Giordano seeks punitive damages for his claims alleging breach of the covenant of good faith and fair dealing and intentional infliction of emotional distress. (*See* Verified Compl. ¶¶ 61, 67.) "[T]he amount in controversy may also include punitive damages where they are recoverable as a matter of law." *Miller*, 1997 WL 136242, at *4 (internal citation omitted). "Under California law, punitive damages are not available for breaches of contract no matter how gross or willful." *Tibbs v. Great Am. Ins. Co.*, 755 F.2d 1370, 1375 (9th Cir. 1985) (internal citation omitted). "Punitive damages are recoverable, however," if the defendant "breaches the implied covenant of good faith and fair dealing *and* is guilty of oppression, fraud or malice." *Id.* (internal citation omitted). California law also authorizes an award of punitive damages for a successful cause of action for intentional infliction of emotional distress. *See Lackner v. North, et al.*, 37 Cal. Rptr. 3d 863, 882 (Cal. Ct. App. 2006) (internal citation omitted).

In its Amended Notice of Removal, PALIC states that "[j]ury verdicts in insurance bad faith cases in which punitive damages are awarded routinely exceed $100,000" and cites to *Filippo Industries, Inc. v. Sun Insurance Co. of New York*, 88 Cal. Rptr. 881 (Cal. Ct. App. 1999) "[a]s just one example." (Am. Notice Removal Civil Action ¶ 17.) However, "[i]t would be inherently speculative for this Court to conclude that the amount in controversy requirement can be met by simply asserting that large punitive damage awards have been awarded in the past against insurance companies" for bad faith failure to pay claims. *Conrad Assocs.*, 994 F. Supp. at 1201 (internal citation omitted); *Miller*, 1997 WL 136242, at *4 (internal citation omitted). PALIC "has made no effort to compare the facts of [*Filippo Industries, Inc.*] with the alleged facts of this case." *See Conrad Assocs.*, 994 F. Supp. at 1201. In fact, that case bears "little or no resemblance to this litigation." *Id.* Not only did that case involve a different kind of insurance, marine cargo insurance, and a different kind of loss, a warehouse fire that destroyed inventory, but it also involved a $1.5 million insurance policy and, thus, compensatory damages of nearly $100,000. *See Filippo Industries, Inc.*, 88 Cal. Rptr. 881. Because "[a]n award of punitive damages necessarily is related to the amount of compensatory damages awarded," *Coren*, 2009 WL 764883, at *2, and the compensatory damages that Giordano seeks in this litigation are far below

those sought in the *Fillippo Industries, Inc.*, the Court is not convinced by PALIC's citation to this solitary case. PALIC "has failed to articulate why the *particular facts* that are alleged in the instant case might warrant extraordinary damages." *See Conrad Assocs.*, 994 F. Supp. at 1201 (internal citation omitted); *Miller*, 1997 WL 136242, at *4 (internal citation omitted).

Similarly, Giordano's Complaint seeks emotional distress damages, *see* Verified Compl. ¶¶ 60, 65–66, and under California law, damages for emotional distress are recoverable for breach of the implied covenant of good faith and fair dealing. *See Century Sur. Co. v. Polisso, et al.*, 43 Cal. Rptr. 3d 468, 499 (Cal. Ct. App. 2006) (internal citations omitted). In its Amended Notice of Removal, PALIC points out that Giordano seeks emotional distress damages but fails to cite a single case in which emotional distress damages were awarded. (*See* Am. Notice Removal Civil Action ¶ 16.) Thus, PALIC again provides no basis for the Court to estimate a potential award of emotional distress damages. "[T]he [C]ourt will not speculate as to the damages potentially embodied in [Giordano's] vague request for emotional distress" damages. *See Miller*, 1997 WL 136242, at *5 (internal citation omitted).

Accordingly, PALIC has not submitted any reliable evidence to suggest that it is "more likely than not" that a potential award of punitive damages or emotional distress damages "could sufficiently increase the amount in controversy to meet the jurisdictional requirement." *See Conrad Assocs.*, 994 F. Supp. at 1201; *Miller*, 1997 WL 136242, at *4. The only firm estimate of damages before the Court include that the benefits owed to Giordano are "as little as $9,423.05" and that Giordano may be entitled to a portion of the $15,320 in attorneys' fees incurred prior to filing the Complaint. *See* Verified Compl. ¶¶ 44, 47. PALIC, however, has not provided a reasonable estimate of attorneys' fees that are likely to be incurred in the litigation or examples of punitive damages and emotional distress damages awards in analogous litigations to support its argument that the amount in controversy exceeds $75,000. Given the "'strong presumption' against removal jurisdiction," *Gaus*, 980 F.2d at 566 (internal citation omitted), the Court finds that PALIC has not proven "by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold," *see* Valdez, 372 F.3d at 1117 (internal citations omitted). As such, the Court lacks subject matter jurisdiction over this action.

| | |
|---|---|
| 1 | III.   <u>RULING</u> |
| 2 | For the foregoing reasons, the Court REMANDS this case to the Superior Court of the State |
| 3 | of California for the County of Santa Barbara. |
| 4 | IT IS SO ORDERED. |
| 5 | |
| 6 | Dated this 7th day of April, 2009. |

*S. James Otero*

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE